Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 551 | **DATE** | January 14, 2003 |
| **CASE TITLE** |  | *United States v. Juvencio Buenrostro* | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, this Court DENIES Juvencio Buenrostro motion for judgment of acquittal and for a new trial [60-1]. It is so ordered.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 16 2003 | |
| | Notified counsel by telephone. | | date docketed | 69 |
| | Docketing to mail notices. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | 03 JAN 16 PM 7: 30 | | |
| RTS | courtroom deputy's initials | FILED | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES of AMERICA ) | |
| ) | Hon. Blanche M. Manning |
| v. ) | |
| ) | 02 CR 551 |
| JUVENCIO BUENROSTRO ) | |
| ) | |

## MEMORANDUM AND ORDER

Defendant Juvencio Buenrostro, pursuant to Federal Rules of Criminal Procedure 29 and 33, have moved this Court for a judgment of acquittal, or in the alternative for a new trial. For the reasons set forth below, this Court DENIES the motion for judgment of acquittal and for a new trial.

Buenrostro and his Co-Defendants were indicted for conspiracy to possess in excess of five kilograms of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). After two of the Defendants pled guilty, Buenrostro and Co-Defendant Guerra went to trial. At the end of the Government's case in chief, this Court granted Guerra's motion for acquittal. The jury subsequently found Buenrostro guilty as to Counts one and two.

## STANDARD OF REVIEW

Federal Rule of Criminal Procedure 29 governs Defendants' insufficiency of evidence argument. Under Rule 29, a court may acquit a defendant on "one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses." When reviewing a motion for judgment of acquittal pursuant to Rule 29, the Seventh Circuit mandates that the district court determine:

69

> whether at the time of the motion there was relevant evidence from which the jury
> could reasonably find [the defendants] guilty beyond a reasonable doubt, viewing
> the evidence in the light most favorable to the government . . . bearing in mind
> that it is the exclusive function of the jury to determine the credibility of
> witnesses, resolve evidentiary conflicts, and draw reasonable inferences.

United States v. Reed, 875 F.2d 107, 111 (7th Cir. 1989). In short, the court views all the evidence in the government's favor and is absolutely barred from second-guessing the jury's credibility determinations or findings of fact. Id. Instead, the court merely assesses the record to determine if all the admissible evidence supports the defendants' adjudication of guilt beyond a reasonable doubt. Id.

Rule 33 permits the Court to order a new trial "in the interests of justice." Unlike a motion for acquittal under Rule 29, in ruling on a motion for a new trial under Rule 33, the court is not required to view the evidence in a light most favorable to the government. United States v. Washington, 184 F.3d 653, 657 (7th Cir. 1999); 58 Am. Jur. 2d New Trial §391(2001). However, despite the more lenient standard, Rule 33 motions are nevertheless disfavored and courts generally should only grant in "the most extreme cases." United States v. Linwood, 142 F.3d 418, 422 (7th Cir. 1998). See also United States v. Kamel, 965 F.2d 484, 490 n.7 (7th Cir. 1992). The trial court "may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." Reed, 875 F.2d at 113. The court may only order a new trial if "the verdict is against the manifest weight of the evidence" and a guilty verdict would result in a "miscarriage of justice." Washington, 184 F.3d at 657.

The requirement that the trial court not reweigh the evidence is particularly important where circumstantial evidence is used to prove intent or the existence of an agreement to commit an illegal act. See United States v. Paneras, 222 F.3d 406, 410 (7th Cir. 2000) ("because direct

2

evidence of a defendant's fraudulent intent is typically not available, specific intent to defraud may be established by circumstantial evidence"); United States v. Albarran, 233 F.3d 972, 976 (7th Cir. 2000) ("[t]he government can if it so wishes, construct a conspiracy case solely upon circumstantial evidence"); United States v. Shelton, 669 F.2d 446, 450-51 (7th Cir. 1980) (an agreement to violate the law "is rarely susceptible of proof by direct evidence but may be inferred from circumstantial evidence"). See also United States v. Ruiz,105 F.3d 1492, 1501-02 (1st Cir. 2000) (affirming denial of a new trial, the court held that while the "largely circumstantial nature of the proof . . . gave rise to competing inferences, some pointing to guilt and others to innocence . . . . [the] trial judge is not a thirteenth juror who may set aside a verdict merely because he would have reached a different result").

In Paneras, 222 F.3d at 409, a defendant convicted of fraud contended that the evidence was insufficient to support his conviction. The defendant asserted that there was no direct evidence to defraud and that the circumstantial evidence "failed to establish a sufficient connection between his lies and his financial benefit such that a specific intent to defraud could be inferred." Id. at 410. Rejecting this argument, the Seventh Circuit held that the circumstantial evidence "demonstrate[d] a pattern of deceit in the defendant's business activities and in his personal life that a rational jury could infer was part of a scheme designed to defraud." Id. at 411.

## ANALYSIS

### I. Motion for Acquittal

Buenrostro contends that the Government failed to present sufficient evidence for a reasonable jury to find that he knowingly conspired with Co-Defendants to possess and distribute cocaine. According to Buenrostro, the Government's evidence only shows that he "was present

3

during the offense and took certain actions which may have had the effect of assisting the offense, such as driving a car and making phone calls to participants in the transactions." Buenrostro contends that despite taking these actions there was no evidence that he knew that the drug transaction was taking place.

As discussed above, however, to properly convict a defendant, the Government may present purely circumstantial evidence of drug dealing. United States v. Griffin, 150 F.3d 778, 785 (7th Cir. 1998) (circumstantial evidence that the defendant knew of cocaine in a vehicle sufficient to support guilty verdict); United States v. Brigham, 977 F.2d 317, 319 (7th Cir. 1992) (holding that circumstantial evidence that defendant arrived with co-defendant at drug deal and conferred with him was sufficient to support conviction). See also United States v. Rodriguez, 975 F.2d 404, 411-12 (7th Cir. 1992) (the court held that totality of circumstantial evidence, including defendant accompanying co-defendant to the drug deal, sufficient evidence that defendant active member of conspiracy).

Here, the circumstantial evidence at trial established that Buenrostro was a trusted associate of one of his Co-Defendants, who pled guilty, knew that his Co-Defendants were involved in drug dealing, had been present on other occasions when Co-Defendants distributed drugs, drove with Co-Defendant to the location where the drugs were to be delivered, and stood by the transaction when a sample of the drugs was produced, and right after the transaction was completed placed a cell phone call to a Co-Defendant who then immediately delivered the drugs.

Accordingly, viewing the evidence in a light most favorable to the Government, this Court finds that the Government presented sufficient evidence for a jury to find beyond a reasonable doubt that Buenrostro was a knowing participant in the conspiracy to possess and

distribute cocaine.

## II. Motion for a New Trial

Buenrostro also contends that he is entitled to a new trial because this Court erred in giving the jury an "ostrich instruction."

The ostrich instruction is intended to convey to a jury that deliberate avoidance of knowledge is the equivalent of actual knowledge. United States v. Craig, 178 F.3d 891, 896 (7th Cir.1999). A defendant may not evade criminal responsibility simply by pleading ignorance where he knows or strongly suspects that he is involved in shady dealings, but deliberately avoids taking steps to learn more about the nature or extent of those dealings. United States v. Fauls, 65 F.3d 592, 598 (7th Cir.1995). The instruction is proper when a defendant claims a lack of guilty knowledge and there is evidence to support an inference of deliberate ignorance. Wallace, 212 F.3d at 1004.

Here, Buenrostro's defense was that although he was present with Co-Defendants at the location of the drug transaction, he did not know that Co-Defendants were engaged in illegal drug activity. The Government, in turn, argued that Buenrostro either knew of the illegal activity or willfully ignored the illegal conduct. Consequently, given the evidence discussed above, this Court finds that the ostrich instruction was properly given to the jury.

## CONCLUSION

For the foregoing reasons, this Court DENIES Juvencio Buenrostro motion for judgment of acquittal and for a new trial [60-1]. It is so ordered.

ENTER

*Blanche M. Manning*
**BLANCHE M. MANNING**
**U.S. DISTRICT COURT JUDGE**

DATE: JAN 1 4 2003